FILED
October 06, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003817359

6 Pages

Gregory C. Nuti (CSBN 151754)
  gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
  kcoleman@schnader.com
Michael M. Carlson (CSBN 88048)
  mcarlson@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>SK FOODS, LP, a California limited partnership, et al.,<br><br>        Debtors. | CASE NO. 09-29162-D-11<br><br>CHAPTER 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM COLLINS & ASSOCIATES AND DEPOSITION OF CARY COLLINS**<br><br>Date:          October 26, 2011<br>Time:         10:00 am<br>Courtroom:  34<br>                501 "I" Street, 6th Floor<br>                Sacramento, CA<br>Judge:        Hon. Robert S. Bardwil |
| Bradley D. Sharp, et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>SSC Farms, I, LLC, et al.,<br><br>         Defendants. | APN: 09-02692-D<br><br>DCN:  SH-2 |

Bradley D. Sharp, the duly appointed and acting Chapter 11 Trustee for SK Foods, L.P., a California limited partnership ("SK Foods" or "Debtor"), submits this memorandum in support of his Motion to Compel Production of Documents from Collins & Associates and Deposition of Cary Collins. As the Court is aware, the Trustee believes that the Preliminary Injunction Orders,[1] entered by the Court in the above-referenced matter has been violated. The Trustee's charges focus, among others, upon Cary Collins and his accounting firm, Collins & Associates. The Trustee has discovered several instances where money subject to the Preliminary Injunction Orders was transferred to Collins & Associates. *See* Request for Judicial Notice.[2]

On June 28, this Court stayed these proceedings, but allowed the Trustee to conduct discovery into the potential violations of the Preliminary Injunction Orders. *See* Order, dated June 28, 2011. Starting on July 22, the Trustee has attempted to obtain documents from Collins & Associates and to take Mr. Collins' deposition. Despite repeated promises that documents would be produced and that Mr. Collins would be made available for his deposition, neither has happened. The Trustee's counsel has spent hours trying to obtain this basic discovery, but has been thwarted. It appears that only an order of the Court will allow the Trustee to obtain this discovery.

---

[1] The Court entered a Preliminary Injunction in these three adversary proceedings on March 20, 2010. It has been modified six times, on October 13, 2010, January 20, 2011, February 16, 2011, May 1, 2011, May 10, 2011 and September 2, 2011. Collectively, these orders are referred to herein as the Preliminary Injunction Orders.

[2] The Trustee set forth his findings regarding potential violation of the Preliminary Injunction Orders by Mr. Collins and Collins & Associates in the Declaration of Michael M. Carlson In Support of *Ex Parte* Motion for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, filed on August 30, 2011, in AP No. 11-2337. Rather than repeating all of that information here, the Trustee requests that the Court take judicial notice of that declaration in these proceedings. It has previously been provided to counsel for Mr. Collins. Carlson Cert. ¶ 11.

### 1. Collins & Associates Has Failed to Produce Documents in Response to a July 22 Subpoena

On July 22, 2011, the Trustee served a document subpoena on Collins & Associates. Certification of Michael M. Carlson Pursuant to FRCP 37(a)(1) ("Carlson Cert.") ¶ 4 and Ex. 1. The subpoena called for Collins & Associates to produce documents a month later, on August 26. *Id.* On or about August 23, Mr. Collin's counsel (Mr. Robert Moore) contacted Trustee's counsel and requested an extension of time, on the ground that he had recently been retained and needed to familiarize himself with the case. *Id.* ¶ 5. After an extended exchange between counsel, on August 25, the Trustee agreed to give Mr. Moore until September 16 to gather responsive documents and prepare a written response and objections to the subpoena. *Id.* ¶¶ 6-12. At an in person meeting in Mr. Moore's office on September 13, he requested additional time to produce documents; stating that he had not yet seen any of the documents from his client that would be responsive to the subpoena. *Id.* ¶ 17. Trustee's counsel agreed to give Mr. Moore until September 26 to produce documents, with the understanding that if he needed additional time, he would contact Trustee's counsel. *Id.* ¶¶ 17-18. On September 23 Mr. Moore stated that he would not be able to produce documents until October 3, and agreed to produce them by hand that day. *Id.* ¶ 20.

Documents were not produced on October 3, nor did Mr. Moore request an additional extension. *Id.* ¶ 24. After he was contacted by the Trustee's counsel, Mr. Moore responded by email that "The document production is taking more time than anticipated. I hope to have documents to you tomorrow [October 5]." *Id.* ¶¶ 25-26. Later that day, Mr. Moore stated in a telephone conversation that he had not received any documents from his client and that he could not commit to producing documents on October 5, but would get them to Trustee's counsel, as soon as he had them. *Id.* ¶¶ 27-28. He stated that he "hoped" to get them to Trustee's counsel on October 5. *Id.* ¶ 28. No documents were produced by the date of the filing of this motion on October 6. *Id.* ¶¶ 36.

### 2. Cary Collins Has Failed to Appear For a Deposition in Response to a September 2 Subpoena

The story regarding the Trustee's efforts to take Mr. Collins' deposition is almost identical. On August 24, Mr. Moore agreed to accept service of a deposition subpoena on behalf of Mr. Collins. *Id.* ¶¶ 8-9. On September 2, Trustee's counsel sent Mr. Moore a deposition subpoena, scheduling Mr. Collins' deposition for September 23. *Id.* ¶ 13. Mr. Moore and counsel for the Trustee met in Mr. Moore's office on September 13. *Id.* ¶ 17. Mr. Moore stated that Mr. Collins was not available on September 23. *Id.* It was agreed that Mr. Moore would provide a date during the first week of October that Mr. Collins was available. *Id.* ¶¶ 17-18. Not until ten days later, on September 23, did Mr. Moore indicate that Mr. Collins was available on October 5 or 6. *Id.* § 20. Counsel for the parties agreed that Mr. Collins deposition would go forward on October 6. *Id.* ¶¶ 20-22.

At 11:55 am, on the morning of October 4, Mr. Moore emailed counsel for the Trustee. *Id.* ¶ 26. He said he needed to move Mr. Collins deposition by a couple of weeks. *Id.* During a telephone call that followed on the same day, Mr. Moore stated that he was unable to forward with Mr. Collins deposition on Thursday because he (Mr. Moore) has had several "new matters" come in, and he now had scheduling conflicts. *Id.* ¶¶ 27-29. Mr. Moore did not identify any specific conflict that he had on the agreed upon date, October 6. *Id.* ¶ 29. He said he has an arbitration the week of October 10 for several days and would not have adequate time to both prepare Collins and defend the deposition. *Id.* Mr. Moore said he also might not be able to do the deposition during the week of October 17th. *Id.* Mr. Moore could not provide a date when he could be available for Mr. Collins' deposition, but said he would provide a date at a future time. *Id.*

The Trustee's counsel informed Mr. Moore that the Trustee was willing to move the deposition into the week of October 10 to accommodate Mr. Moore's schedule and was available Tuesday, Wednesday, and Friday of that week. *Id.* ¶ 30. However, the Trustee was unwilling to move the deposition further because of continuing concerns about Mr. Collin's control over funds subject to the Preliminary Injunction Orders. *Id.* Mr. Moore responded that he could not

do the deposition on Tuesday or Wednesday of the week of October 10, but that he would get back to Trustee's counsel the next morning (October 5) regarding whether Mr. Collins' deposition would go forward on Friday, October 14. *Id.* As of the filing of this motion, Mr. Moore had not informed the Trustee's counsel whether Mr. Collins' was available for deposition on October 14, nor has Mr. Moore provided Trustee's counsel with any other date when Mr. Collins is available for his deposition. *Id.* ¶ 36.

### 3. The Trustee's Motion to Compel Should Be Granted

The Trustee has serious concerns about Mr. Collins having control over money subject to the Preliminary Injunction Orders. It appears to the Trustee that Mr. Collins has repeatedly taken money in violation of those orders. At this time the Trustee believes it is appropriate for him to bring a motion to modify the Preliminary Injunction Orders to remove any control of the money by Mr. Collins. However, before doing so, the Trustee wants to take Mr. Collins' deposition and hear Mr. Collins' explanation of what happened with the money.

Additionally, the Trustee wants to know who else, in addition to Mr. Collins, was involved in moving money in apparent violation of the Preliminary Injunction Orders. The Trustee wants to know if Scott Salyer knew about these transactions and if any of the past attorneys for the Defendants knew about them. The Trustee also wants to understand the role of Mr. Pruett, who signed the checks transferring money out of the account subject to the Preliminary Injunction.

The Trustee has already delayed a substantial time in bringing a motion to modify the Preliminary Injunction Orders because of the delays in obtaining discovery from Mr. Collins and from others. Collins & Associates has repeatedly failed to produce documents in response to a valid subpoena. Mr. Collins appears to be avoiding having his deposition taken. Extensive professional courtesies have been extended. At this time, Collins & Associates should be

///
///
///

ordered to produce the documents within 3 days, and Mr. Collins should be ordered to sit for a deposition no more than three calendar days thereafter.

Dated: October 6, 2011

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ *Michael M. Carlson*
    Michael M. Carlson
Attorney for Bradley D. Sharp,
Chapter 11 Trustee