2009-02692
FILED
December 01, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003931098

**9 PAGES**

Gregory C. Nuti (CSBN151754)
 gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
 kcoleman@schnader.com
Michael M. Carlson (CSBN 88048)
 mcarlson@schnader.com
Melissa S. Lor (CSBN 245515)
 mlor@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for
Chapter 11 Trustee, Bradley D. Sharp

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>SK FOODS, L.P., A CALIFORNIA LIMITED PARTNERSHIP,<br><br>    DEBTOR. | Case No. 09-29162-D-11<br><br>**Chapter 11** |
| BRADLEY D. SHARP, et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>SSC FARMS I, LLC, et al.,<br><br>    Defendants. | AP NO. 09-2692<br><br>DCN: SH-4<br><br>**ORDER MODIFYING PRELIMINARY INJUNCTION AND APPOINTING RECEIVER**<br><br>Date:  November 30, 2011<br>Time:  10:00 am<br>Place:  Dept. D, 6th Floor, Courtroom 34<br>        501 I Street, Sacramento, CA<br>Judge:  Hon. Robert S. Bardwil |
| CAPTION CONTINUED ON NEXT PAGE | |

RECEIVED
November 30, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003931098

| | | |
|---|---|---|
| 1 | BRADLEY D. SHARP, et al. ) | **AP NO. 10-2014** |
| 2 | ) Plaintiff, ) | **DCN: SH-2** |
| | vs. ) | |
| 3 | ) | |
| 4 | SCOTT SALYER as trustee of the Scott Salyer ) Revocable Trust, et al., ) | |
| 5 | ) Defendants. ) | |
| 6 | ) | |
| 7 | ) BRADLEY D. SHARP, et al., ) | **AP NO. 10-2016** |
| 8 | ) Plaintiff, ) | **DCN: SH-2** |
| 9 | ) vs. ) | |
| 10 | ) SKF AVIATION, LLC, et al., ) | |
| 11 | ) Defendants. ) | |
| 12 | ) | |

The Court having considered the Motion to Modify the Preliminary Injunction to Appoint Receiver (the "Motion"), filed on October 21, 2011, by Plaintiff Bradley D. Sharp, the duly appointed and acting Chapter 11 Trustee (the "Trustee") of SK Foods, L.P. and RHM Industrial Specialty Foods, Inc. d/b/a Colusa County Canning Co. (collectively, the "Debtors"), together with all of the documents filed in support of the Motion, in opposition to the Motion, and in reply to the opposition, and having heard the arguments of counsel at the hearing, and good cause appearing for the reasons set forth (a) in the Court's Civil Minutes (Dkt. No. 416 in AP No. 09-02692; Dkt. No. 346 in AP No. 10-02014; and Dkt. No. 341 in AP No. 10-02016), which are incorporated herein by this reference, and (b) on the record at the hearing,

IT IS HEREBY ORDERED THAT:

1.  The Motion is granted in part, as set forth herein. The Court's ruling on the balance of the relief sought in the motion is continued for further hearing and consideration on December 14, 2011, at 10:00 am.

2.  The Preliminary Injunction dated March 20, 2010, as modified six times on October 13, 2010, January 20, 2011, February 16, 2011, May 1, 2011, May 10, 2011 and September 2, 2011 (collectively, the "Preliminary Injunction Orders") is hereby amended to

appoint Robert C. Greeley ("Receiver") as the Receiver. As set forth in greater detail below, the Receiver will take possession of and control over the separate bank account into which Defendants[1] have deposited Sales Proceeds,[2] which is Account No. 560165702 at Metro United Bank, held in the name of Defendant SSC Farming, LLC. The Receiver will also take possession of all rents and other income that have been or are in the future paid on the Leased Properties, including, but not limited to, the rent payments made by Green Barn Farms, Inc., Nature's Fresh Farms and/or Eric Mireles or related entities, (a) on or about November 11, 2011 (in a combined amount of approximately $34,467) and (b) also on or about November 30, 2011 (again, in a combined amount of approximately $34,467) (hereinafter "Lease Payments"). (The money in the Sales Proceeds Account and the Lease Payments are collectively referred to hereinafter as the "Receivership Estate".) To the extent that Lease Payments have been or are deposited into an account or accounts other than the Sales Proceeds Account, Defendants are ordered to immediately transfer the money to the Receiver. The Defendants are ordered to instruct any lessees to the Leased Properties, including but not limited to Green Barn Farms, Inc., Nature's Fresh Farms and Mr. Mireles to make all future Lease Payments to the Receiver. The Receiver ~~may deposit Lease Payment in the Sales Proceeds Account or may, in his discretion~~ shall, open and deposit the Lease Payments in separate accounts, for the purposes of avoiding comingling funds belonging to separate entities. ~~If the Receiver deposits Lease Payments in the Sales Proceeds Account~~, the Receiver will keep records sufficient to distinguish Lease Payments from other monies held in the Sales Proceeds Account and to distinguish between Lease Payments made to SSC Farms I and those made to SSC Farms II.

---

[1] The Defendants in these three adversary proceedings are Scott Salyer, as a trustee of the Scott Salyer Revocable Trust, SK PM Corporation, SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC. SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SS Farms I, LLC, SS Farms II, LLC, SS Farms III, LLC, SKF Aviation, LLC, CSSS, LP d/b/a Central Valley Shippers (collectively "Defendants").

[2] Capitalized terms not otherwise defined herein shall have the same meaning that they have been given in the Preliminary Injunction Orders.

3. The Receivership shall not limit, in any way, the expenditure of money *as allowed* under the existing Preliminary Injunction Orders. The Receiver is empowered to make all expenditures permitted pursuant to those Orders. Notwithstanding any other provision of this Order, the Receiver is authorized to make such expenditures without further authorization or approval by the Court. To the extent the Preliminary Injunction Orders authorized Defendants to make expenditures only after notice of the intent to make such payment to the Trustee, the Receiver is authorized to make such expenditures on the same basis and following the same procedures.

4. The Receiver is further authorized and empowered as follows:

(a) The Receiver is authorized to endorse all instruments and undertake whatever actions reasonably necessary to take possession and control of the Sales Proceeds Account and the Lease Payments, and to collect rents due on the Leased Properties.

(b) The Receiver is authorized to open and maintain checking and savings accounts and the like, in the name of the Receivership Estate, in a federally insured lending institution, and to transfer current cash assets of the Receivership Estate to such accounts, if the Receiver deems it prudent or efficient to do so. The Receiver shall provide to all parties copies the monthly bank statements (including all cancelled checks) for any such accounts opened by him and for any existing accounts over which he takes control, including, but not limited to, the Sales Proceeds Account. Such copies of ~~bank~~ monthly bank statements shall be provided within seven (7) days of their receipt by the Receiver.

(c) The Receiver is authorized to employ other professionals, including attorneys, upon Court approval, to assist in carrying out the Receiver's rights and duties set forth herein. All reasonable expenses incurred in connection with the hiring and retention of such professionals and counsel shall be expenses of, and paid for by, the Receivership Estate, as set forth below.

(d) The Receiver is authorized to incur reasonable and necessary expenses in the operation of the Receivership Estate, including, but not limited to, hourly fees in the amount

4

**ORDER APPOINTING RECEIVER**

of $245 per hour, to be paid from assets of the Receivership Estate, upon Court approval, ~~as set forth below.~~

5. The Defendants are ordered to cooperate with the Receiver in giving him possession and control over the assets in the Receivership Estate, as set forth herein.

6. The Receiver and all attorneys and professionals hired by the Receiver, as authorized herein, shall be entitled to interim compensation for their services ~~at their usual and normal rates, subject to Court approval as hereafter set forth. The Receiver is authorized to~~ charge $245 per hour for his services as Receiver. In addition, the Receiver shall be reimbursed for all expenses incurred on behalf of the Receivership Estate. The Receiver, his attorneys and his professionals, if any, may be paid on a monthly basis. To be paid on a monthly basis, the Receiver, his attorneys and his professionals, must file a statement of account with the Court and serve a copy on all parties to these Adversary Proceedings each month for the time and expense incurred in the preceding calendar month. At the Receiver's discretion, his statement of account may accompany the monthly accountings filed by the Receiver pursuant to this Order. If no objection to a statement of account is filed and served within ten (10) days, as set forth below, the Receiver may pay the statement from the Receivers' Estate. Pursuant to California Rules of Court 3.1183, objections, if any, to a statement of account by the Receiver, his attorneys or his professionals must be made within ten (10) days of notice of statement. The party making such an objection shall set their objection for hearing by the Court at the next available date for hearing fee petitions on the Court's calendar. If an objection, which shall be made on a line item basis with a statement of reason for such objection, is timely filed and served, the specific items objected to in such statement of account shall not be paid absent further order of the Court. Failure to object within this ten-day period shall constitute a waiver of that party's objection(s) to the fees for that period. The Receiver's receipt of interim fees is subject to final review and approval by this Court. This Court retains jurisdiction to award a greater or lesser amount as the full, fair and final value of the Receiver's services. All payments made to the Receiver, his attorneys or ~~his professionals, shall be made, in the first instance, out of the Sales Proceeds Account.~~

5

ORDER APPOINTING RECEIVER

7. Each month, the Receiver shall prepare and serve on the parties, but not file, a monthly accounting ("Receiver's Monthly Accounting") of the income and expense incurred in the administration of the Receivership Estate, including the Receiver's fees and expenses. The Receivers' Monthly Accounting shall also include all information (including back-up documentation) that the Defendants are required to provide to the Trustee and the Creditors' Committee as part of the monthly Accounting under the Preliminary Injunction Orders. The Receiver's Monthly Accounting for funds used in the previous month shall be provided within seven (7) days of the end of such previous month.

8. The Receiver shall have no responsibility for filing federal and/or state income tax returns or federal or state payroll tax returns and shall not be responsible for any unpaid federal and state payroll taxes and expenses of Defendants. The responsibility for such filings and payments lies exclusively with Defendants and their agents, employees and representatives.

9. ~~The Receiver may borrow from Plaintiff such funds as may be required by the Receiver to cover operating expenses of the receivership, including, but not limited to, the Receiver's fees and costs, provided that the Plaintiff consents to making such advances~~.

10. Except as otherwise provided in this Order, the Receiver shall hold and retain all money that may come into the Receiver's possession, custody and control by virtue of his appointment, and he shall not expend such money for any other unauthorized purpose, until the termination of this Receivership.

11. The Receiver and the parties to this action may, from time to time, ~~on an ex parte basis or~~ by noticed motion on shortened time, petition this Court for instructions in pursuance of this Order and any further order this Court may hereafter make.

12. No individual or entity may sue the Receiver without first obtaining the permission of this Court.

13. No later than 60 days after the receivership terminates, the Receiver shall prepare a final declaration and accounting report and Plaintiff shall file and serve a motion for approval of the Receiver's final report and account. The Plaintiff shall give notice of such

6

ORDER APPOINTING RECEIVER

motion to all parties in these Adversary Proceedings. The motion to approve the final report and account and for discharge of the Receiver shall contain a declaration or declarations (i) stating what was done during the receivership and (ii) certifying the accuracy of the final accounting. In addition, the motion shall contain a summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major category, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

IT IS FURTHER ORDERED THAT the Court finds that the Trustee has demonstrated that the property included in the Receivership Estate is in danger of being lost, removed, or materially injured before the merits of the controversy can be adjudicated, and that appointment of a Receiver is necessary to preserve that property. The Court further finds that no other remedies would provide appropriate relief.

IT IS FURTHER ORDERED THAT this modification to the Preliminary Injunction Orders to appoint a Receiver constitutes a continuation, without interruption, of all restraints, obligations, and injunctions imposed upon the Defendants by this Court's previous Preliminary Injunction Orders.

IT IS FURTHER ORDERED THAT this Receivership shall continue in effect until discharged by the Court order upon noticed motion for discharge and approval of the Receiver's final report and account.

Dated: December 01, 2011

*Robert S. Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

7
ORDER APPOINTING RECEIVER

PHDATA 3679479_2

## CERTIFICATE OF SERVICE

I, Mayra Padilla, declare:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of Schnader Harrison Segal & Lewis LLP, and my business address is One Montgomery Street, 22nd Floor, San Francisco, CA 94104.

On the date below, I served the following documents:

> **ORDER MODIFYING PRELIMINARY INJUNCTION AND APPOINTING RECEIVER**

☑ <u>By electronic service.</u> Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent on November 30, 2011, to the persons at the electronic notification addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**Counsel to Scott Salyer, as Trustee of the Scott Salyer Revocable Trust; SKPM Corp.; SK Foods, LLC; SKF Canning, LLC; The Scott Salyer Revocable Trust; Blackstone Ranch Corporation; Monterey Peninsula Farms; Salyer Management Company, LLC; SK Farms Services, LLC; SK Frozen Foods, LLC; SS Farms, LLC; SSC Farming, LLC; SSC Farms I, LLC; SSC Farms II, LLC; SSC Farms III, LLC; SKF Aviation, LLC; CSSS, LP *dba* Central Valley Shippers; and Robert Pruett in His Capacity as Manager of SSC Farming, SSC Farms I and SSC Farms II**

Paul Alsdorf - palsdorf@fbm.com
Dean Gloster - dgloster@fbm.com
Mark Petersen - mpetersen@fbm.com
Kelly Woodruff - kwoodruff@fbm.com
FARELLA, BRAUN + MARTEL LLP

| **Counsel for Robert Pruett** | **Co-Counsel for Bank of Montreal** |
|---|---|
| Richard S. E. Johns, Esq. – RSEJohns@yahoo.com<br>Law Offices of Richard S. E. Johns | Todd Dressel – dressel@chapman.com<br>James E. Spiotto - spiotto@chapman.com<br>Ann Acker - acker@chapman.com<br>James Heiser – heiser@chapman.com<br>CHAPMAN AND CUTLER LLP |
| **Counsel for Collins & Associates and Cary Collins** | **Counsel to Creditors Committee** |
| Robert R. Moore, Esq. - rmoore@allenmatkins.com<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP | Dale Ginter - jdreher@DowneyBrand.com<br>Jamie Dreher - dginter@downeybrand.com<br>DOWNEY BRAND |

*Additional Parties on Next Page*

---

1

[PROPOSED] ORDER APPOINTING RECEIVER

PHDATA 3679479_2

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

| | |
|---|---|
| **U.S. Trustee Counsel** | **Counsel to CSSS, LP** |
| Judith C. Hotze | **d/b/a Central Valley Shippers** |
| judy.c.hotze@usdoj.gov | Larry J. Lichtenneger |
| | Lichtenneger Law Office |
| | lawyer@mbay.net |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2011, at San Francisco, California.

_/s/ Mayra Padilla_
Mayra Padill

2

[PROPOSED] ORDER APPOINTING RECEIVER

PHDATA 3679479_2