2009-02692
FILED
December 01, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003932586

**6 Pages**

Gregory C. Nuti (CSBN 151754)
   gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
   kcoleman@schnader.com
Michael M. Carlson (CSBN 88048)
   mcarlson@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>SK FOODS, LP, a California limited partnership, et al.,<br><br>        Debtors. | CASE NO. 09-29162-D-11<br><br>CHAPTER 11<br><br>**ORDER DENYING COLLINS & ASSOCIATES MOTION TO QUASH/FOR PROTECTIVE ORDER REGARDING SUBPOENAS ON MECHANICS BANK AND METRO UNITED BANK**<br><br>Date:        November 30, 2011<br>Time:       10:00 am<br>Courtroom: 34<br>               501 "I" Street, 6th Floor<br>               Sacramento, CA<br>Judge:      Hon. Robert S. Bardwil |
| Bradley D. Sharp, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SSC Farms, I, LLC, et al.,<br><br>        Defendants. | APN: 09-02692-D<br><br>DCN: AML-1 |

RECEIVED
December 01, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003932586

The Court having considered the Motion to Quash/for Protective Order ("Motion") filed on October 10, 2011, by non-party Collins & Associates ("Collins") regarding certain subpoenas served on Mechanics Bank and Metro United Bank (the "Banks") seeking documents regarding bank accounts of Collins (the "Subpoenas"), together with all of the documents filed in support of the Motion, in opposition to the Motion, and in reply to the opposition, and having heard the arguments of counsel at the hearing on November 16, 2011, and good cause appearing for the reasons set forth in the Court's Civil Minutes (Dkt. No. 418 in AP No. 09-02692), which are incorporated herein by this reference,

IT IS HEREBY ORDERED THAT:

1. The Motion is denied, without prejudice to Collins seeking additional protection of certain documents produced in response to the Subpoenas (the "Produced Documents"), by following the procedure set forth herein below regarding providing a Log of Confidential documents.

2. The Banks shall produce documents in response to the Subpoenas that have been served upon them, copies of which are attached to the Notice of Errata Concerning Exhibits to the Certification of Robert R. Moore Pursuant to Fed. R. Civ. P. 37, filed on October 11, 2011. The Trustee's[1] counsel is authorized to view the contents of the disk containing Produced Documents that they have already received from Mechanics Bank (the Trustee's counsel has represented that the disk counsel has been maintained in a sealed envelope, pending the decision on this motion).

3. Until such time as the Log, described below, is provided by Collins to counsel of record for the Parties (the Trustee, the Creditors' Committee, the Salyer Entities[2] and the Bank of

---

[1] The "Trustee" is Plaintiff Bradley D. Sharp, the duly appointed and acting Chapter 11 Trustee of SK Foods, L.P. and RHM Industrial Specialty Foods, Inc. d/b/a Colusa County Canning Co.

[2] The "Salyer Entities" are the defendants in the three adversary proceedings 09-02692, 10-02014, and 10-02016. Those defendants are Scott Salyer, as a trustee of the Scott Salyer Revocable Trust, SK PM Corporation, SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC., SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SS Farms I, LLC,

...Continued

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Montreal), access to the Produced Documents shall be limited to the Parties and their respective counsel of record, who shall treat them as "Confidential," meaning the Produced Documents will not be shared with individuals or entities other than the Parties, their counsel of record including clerical staff, the Court, the Court's personnel, and court reporters in depositions. Once the Log is provided, (a) Produced Documents that are identified on the Log shall be treated as Confidential, until such time as the Court resolves Collins' claims of confidentiality or privacy, but (b) Produced Documents which are not identified on the Log shall no longer be treated as Confidential.

4. Within 10 days of entry of this Order, Collins will provide counsel of record for the Parties with a Log of those Produced Documents that Collins claims contain confidential or private information, and for each document contained in the Log, will provide specific authority for his position that a right of privacy applies and sufficient information, in the form of admissible evidence, to enable the Court to determine whether such a right in fact applies.

5. If the Trustee wishes to challenge Collins' claim that any document identified on the Log is confidential or subject to a claim of privacy, then, he shall notify counsel for Collins of his objection to the document's designation in writing ("Objection"). After an Objection has been made, the counsel for the Trustee and counsel for Collins shall meet and confer, pursuant to Rule 37, in an attempt to resolve Collins' privacy/confidentiality claim. If counsel are unable to resolve their disagreement within fourteen (14) days after the Trustee makes his Objection, then Collins shall, within seven (7) days thereafter, file a motion to resolve its claim that the document should be treated as Confidential. On that motion, the Court will consider whether the document is legitimately subject to a claim of privacy or confidentiality and whether access to such document should be limited to the Parties and their counsel of record. If Collins fails to file a motion within the seven-day period, the Parties and their counsel will no longer be required to treat the document as Confidential.

---

*Continued from previous page*
SS Farms II, LLC, SS Farms III, LLC, SKF Aviation, LLC, and CSSS, LP d/b/a Central Valley Shippers.

6. To the extent that any document designated as Confidential needs to be filed with the Court, the Parties will take steps to obtain an order of the Court allowing the document (and any portion of a brief or other paper discussing the document) to be filed under seal.

Dated: December 01, 2011

*Robert Bardwil*
Robert S. Bardwil, Judge
United States Bankruptcy Court

# CERTIFICATE OF SERVICE

I, Mayra Padilla, declare:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a citizen of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of Schnader Harrison Segal & Lewis LLP, and my business address is One Montgomery Street, 22nd Floor, San Francisco, CA 94104.

On the date below, I served the following documents:

> ➢ **ORDER DENYING COLLINS & ASSOCIATES MOTION TO QUASH/FOR PROTECTIVE ORDER REGARDING SUBPOENAS ON MECHANICS BANK AND METRO UNITED BANK**

☑ By electronic service. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent on December 1, 2011, to the persons at the electronic notification addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**Counsel to Scott Salyer, as Trustee of the Scott Salyer Revocable Trust; SKPM Corp.; SK Foods, LLC; SKF Canning, LLC; The Scott Salyer Revocable Trust; Blackstone Ranch Corporation; Monterey Peninsula Farms; Salyer Management Company, LLC; SK Farms Services, LLC; SK Frozen Foods, LLC; SS Farms, LLC; SSC Farming, LLC; SSC Farms I, LLC; SSC Farms II, LLC; SSC Farms III, LLC; SKF Aviation, LLC; CSSS, LP *dba* Central Valley Shippers; and Robert Pruett in His Capacity as Manager of SSC Farming, SSC Farms I and SSC Farms II**

Paul Alsdorf - palsdorf@fbm.com
Dean Gloster - dgloster@fbm.com
Mark Petersen - mpetersen@fbm.com
Kelly Woodruff - kwoodruff@fbm.com
FARELLA, BRAUN + MARTEL LLP

| **Counsel for Robert Pruett** | **Co-Counsel for Bank of Montreal** |
|---|---|
| Richard S. E. Johns, Esq. – RSEJohns@yahoo.com<br>Law Offices of Richard S. E. Johns | Todd Dressel – dressel@chapman.com<br>James E. Spiotto - spiotto@chapman.com<br>Ann Acker - acker@chapman.com<br>James Heiser – heiser@chapman.com<br>CHAPMAN AND CUTLER LLP |
| **Counsel for Collins & Associates and Cary Collins**<br><br>Robert R. Moore, Esq. - rmoore@allenmatkins.com<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP | **Counsel to Creditors Committee**<br><br>Dale Ginter - jdreher@DowneyBrand.com<br>Jamie Dreher - dginter@downeybrand.com<br>DOWNEY BRAND |

*Additional Parties on Next Page*

ORDER DENYING COLLINS & ASSOCIATES MOTION TO QUASH/FOR PROTECTIVE ORDER
5

PHDATA 3679524_1

| U.S. Trustee Counsel | Counsel to CSSS, LP |
| --- | --- |
| Judith C. Hotze | **d/b/a Central Valley Shippers** |
| judy.c.hotze@usdoj.gov | Larry J. Lichtenneger |
| | Lichtenneger Law Office |
| | lawyer@mbay.net |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 1, 2011, at San Francisco, California.

                */s/ Mayra Padilla*
                Mayra Padilla

ORDER DENYING COLLINS & ASSOCIATES MOTION TO QUASH/FOR PROTECTIVE ORDER

6

PHDATA 3679524_1